```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                         BECKLEY
```

JAMES PRESTON SMITH,

      Petitioner,

v.                                  Case No. 5:06-cv-00479

CHARLES HAYDEN, Judge,
THOMAS D. STEVENS, PO,
DANNY R. KUHN, PO,
FP SAM SAMPLES, PO, and
WILLIAM TURNER,

      Respondents.


JAMES PRESTON SMITH,

      Petitioner,

v.                                  Case No. 5:06-cv-00480

UNITED STATES OF AMERICA,
UNITED STATES ATTORNEYS, and
WILLIAM TURNER,

      Respondents.


JAMES PRESTON SMITH,

      Petitioner,

v.                                  Case No. 5:06-cv-00481

UNITED STATES OF AMERICA,
CHAS. HAYDEN, and
OFFICE OF ATT. GENERAL,

      Respondents.

**JAMES PRESTON SMITH,**

    **Plaintiff,**

**v.**                                                                                  **Case No. 5:06-cv-00645**

**UNITED STATES OF AMERICA and**
**BUREAU OF ALCOHOL, TOBACCO AND FIREARMS,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending are four civil actions filed by Petitioner/Plaintiff, James Preston Smith (hereinafter "Petitioner"), who is presently incarcerated at USP Leavenworth in Leavenworth, Kansas. All of these matters are assigned to the Honorable Thomas E. Johnston, United States District Judge and all of them are referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons set forth more fully below, it is respectfully **RECOMMENDED** that these four civil actions be consolidated and resolved together, given their similar issues and requests for relief.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

By a single count Indictment filed on September 1, 1999, Petitioner was charged with possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and

924(a)(2).  (United States v. Smith, 5:99-cr-00161, docket sheet document # 1).  On April 7, 2000, Petitioner pled guilty, pursuant to a written plea agreement, to the charge contained in the Indictment.  (Id., ## 54, 55).

Petitioner's sentencing hearing was conducted on July 10, 2000.  Based upon Petitioner's six prior burglary convictions, the presiding District Judge determined that Petitioner qualified for an enhanced sentence of not less than 15 years under 18 U.S.C. § 924(e), the Armed Career Criminal Act.  Petitioner was sentenced to a 207-month term of imprisonment, to be followed by a five-year term of supervised release.

Petitioner filed an appeal in the United States Court of Appeals for the Fourth Circuit, claiming that the District Court should have granted his motion to suppress evidence seized from his person during a pat-down search, that the statute under which he was convicted was unconstitutional, and that his sentence should not have been enhanced under the Armed Career Criminal Act based upon his prior burglary convictions.  On September 17, 2001, the Fourth Circuit affirmed the District Court's judgment.  (United States v. Smith, 18 Fed. Appx. 201, 2001 WL 1082100 (4th Cir., Sept. 17, 2001).  Specifically, the Fourth Circuit found that the warrantless pat-down search of Petitioner incident to his arrest was not unlawful, that the felon in possession statute does not violate the Second Amendment or the Commerce Clause of the United

3

States Constitution, and that Petitioner's sentence was properly enhanced under the Armed Career Criminal statute.

Petitioner sought a writ of certiorari in the United States Supreme Court; however, his petition was denied by the Supreme Court on February 25, 2002.  (United States v. Smith, 534 U.S. 1165 (2002)).

On November 29, 2004, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 in this district court.  (Smith v. United States, 5:04-cv-01262).  On June 14, 2005, Petitioner filed a petition in the United States District Court for the District of Kansas, which was determined to be another Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255.  The Kansas court transferred that matter to this district, and the case was assigned Case No. 5:05-cv-00633.  In both of those motions, Petitioner asserted claims of ineffective assistance of counsel.  On December 22, 2005, the Honorable Joseph R. Goodwin, the District Judge assigned to those matters, consolidated those cases and dismissed them as being untimely filed section 2255 motions.  Petitioner did not appeal that judgment order.

On June 19, 2006, Petitioner filed three separate documents, which were docketed as Petitions for a Writ of Habeas Corpus under 28 U.S.C. § 2241.  Those matters are: Smith v. Hayden et al., 5:06-cv-00479, Smith v. United States et al., 5:06-cv-00480, and Smith

v. United States, 5:06-cv-00481.[1]  On August 17, 2006, Petitioner filed another document, which was docketed as a Complaint under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging violations of Petitioner's rights under the Second Amendment to the United States Constitution.  (Smith v. United States et al., 5:06-cv—00645).

All of these pending matters allege that the various defendants violated Petitioner's civil and constitutional rights in connection with his prosecution for being a felon in possession of a firearm.  Petitioner continues to challenge the constitutionality of 18 U.S.C. §§ 922(g)(1) and 924(e), and his conviction thereunder.  Petitioner asserts that the right to bear arms is a "right given by God," and that the Bureau of Alcohol, Tobacco and Firearms had "no right by nature and nature's God to deprive Petitioner of" that right.  (Smith v. United States, Case No. 5:06-cv-00645, # 1 at 1).

In his other petitions, Petitioner further asserts that Judge Charles H. Haden II, the District Judge who presided over Petitioner's criminal matter, and others committed or suborned perjury, presumably in advising Petitioner, as is stated in the Fourth Circuit's opinion affirming Petitioner's conviction, that

---

[1] The undersigned notes that the proper respondent in a habeas corpus proceeding is the petitioner's custodian. Therefore, in these cases, the proper respondent would be Charles T. Felts, the Warden at FCI Beckley.

the Second Amendment "only confers a collective right of keeping and bearing arms which must bear a 'reasonable relationship to the preservation or efficiency of a well-regulated militia.'" United States v. Johnson, 497 F.2d 548, 550 (4th Cir. 1974)(other citations omitted). 18 Fed. Appx. at 203.

In all of these petitions/complaints, Petitioner seeks to withdraw his voluntary guilty plea and have a jury trial. Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a section 2255 motion. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

The fact that relief under section 2255 is barred procedurally or by the gatekeeping requirements of section 2255 does not render the remedy of section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D. W. Va. 2001)(Haden, C.J.). The remedy under section 2241 is not an additional, alternative, or supplemental remedy to that prescribed under section 2255. "A section 2241 petition that seeks to

challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

Thus, the undersigned proposes that the presiding District Judge **FIND** that each of these pending matters amounts to a request for collateral review of Petitioner's conviction and sentence, without certification by the United States Court of Appeals for the Fourth Circuit, pursuant to 28 U.S.C. § 2244(b)(3). Under these circumstances, this court has no jurisdiction to consider Petitioner's claims, and these civil actions must be dismissed. The undersigned further proposes that the presiding District Judge **FIND** that such requests for collateral review are untimely under 28 U.S.C. § 2255.

Moreover, Petitioner's challenges to the felon in possession and Armed Career Criminal statutes and their application in Petitioner's criminal case were previously raised and found to be without merit in Petitioner's direct appeal. Collateral attacks cannot be made on the basis of issues litigated and resolved on direct appeal. Boeckhenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976). Consequently, the undersigned proposes that the presiding District Judge **FIND** that Petitioner is barred from again addressing those issues in habeas corpus.

Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[i]f it plainly

appears . . . that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified." The undersigned has carefully examined each of Petitioner's pending Petitions for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Case Nos. 5:06-cv-00479, 5:06-cv-00480 and 5:06-cv-00481, and his Bivens-type Complaint in Case No. 5:06-cv-00645, and has concluded that it plainly appears that Petitioner is not entitled to relief in any of these cases.

For these reasons, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** each of the Petitions and Applications to Proceed Without Prepayment of Fees in Case Nos. 5:06-cv-00479. 5:06-cv-00480 and 5:06-cv-00481, and **DISMISS** the Complaint in Case No. 5:06-cv-00645.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED** in each of the above-referenced civil actions, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have three days (mailing/service) and then ten days (filing of objections), from the date of filing this Proposed

Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals in each of these matters. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Johnston and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation in each of the above-listed civil actions and to mail a copy of the same to Petitioner.

September 5, 2006
Date

Mary E. Stanley
United States Magistrate Judge